Martin B. Stecher, J.
This is an action for nonpayment brought against the purchaser of a used car by the assignee of a retail installment contract. The contract is dated May 21, 1965 and is on a form apparently provided by the plaintiff. The assignment is part of the contract document and bears the same date, May 21,1965. Plaintiff’s officer testified that on that day he called the defendant at his place of employment, verified the execution of the agreement and the delivery of the car in good condition and thereafter took the assignment for a valuable consideration. The witness further testified that on May 24, 1965, although he has no recollection thereof, his records show that he mailed the statutory notice to the defendant and that no written response was received within 10 days (or at any time). Plaintiff contends that the defendant’s failure to give the plaintiff written notice of defenses to the installment sales contract estops the defendant from asserting such defenses against the plaintiff (Personal Property Law, § 302, subd. 9).
The defendant admitted the execution of the contract, denied ever receiving the letter dated May 24, 1965, but did not deny having had a telephone conversation with the plaintiff’s officer on May 21, 1965. The defendant testified without contradiction that he indeed signed the contract on that day and that he' was to receive delivery of the car on the next day; that he never paid any part of the price other than $74 for insurance and license plates but did deliver a promissory note to a loan company called “ Rapid Loan ”, which gave him no money. He believed that Rapid delivered certain funds to the seller of the car.
The defendant further testified without contradictions that on May 22, 1965 he went to pick up his car at the assignor’s place of business, but the car was never delivered to him; that he telephoned the plaintiff promptly and informed it of the nondelivery; and that the latter sent an investigator to look into the matter. Both parties agree that the defendant never paid a single installment called for by the contract but that the assignor on July 2, 1965 paid $200 to the assignee on account of this transaction. (Had the regular weekly payment of $15.97 each been made, the assignee would, on July 2, have received less than $100. Nevertheless, one week later plaintiff’s attorney issued the summons herein.) After trial I find that the car was never delivered to the defendant; that the plaitniff’s notice in writing referred to above was given to the defendant; that the defendant failed to give written notice of the nondelivery of the car to the plaintiff, but did give the plaintiff timely oral notice thereof and that the plaintiff promptly investigated the claim.
*563 The nondelivery of the ear is a complete defense to this action unless barred by subdivision 9 of section 302 of the Personal Property Law. Contrary to the argument of the plaintiff, the mere mailing by the assignee of the notice of assignment does not cut off these defenses. Defenses are cut off if timely notice of them is not communicated to the assignee after the installment buyer received or should have received the notice of an assignment. However, I find that although the installment buyer failed to give written notice of defenses the plaintiff waived such writing by acting upon the oral notice, conducting an investigation and procuring part payment from his assignor.
There being no consideration for the contract, judgment must be for the defendant